IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JARED M. SMITH,
#K58441,

**Plaintiff,**

vs.

ILLINOIS DEPARTMENT OF CORRECTIONS
and WARDEN MATTHEW SWALLS,

**Defendants.**                  Case No. 18-cv-00142-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       Plaintiff Jared M. Smith, an inmate who is currently incarcerated at Vienna Correctional Center ("Vienna"), brings this civil rights "class action"[1] pursuant to 42 U.S.C. § 1983, in order to challenge the conditions of his confinement at Vienna. (Doc. 1). In the Complaint, Plaintiff alleges that Vienna inmates have been exposed to tainted water, pest infestations, and dirty showers for years. (Doc. 1, pp. 1-21). As a result, Plaintiff and others have suffered from skin rashes and possible internal injuries. *Id.*

---

[1] In the case caption, Plaintiff indicates that he is bringing his claims in a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure. (Doc. 1, p. 1). He includes the affidavits of several other inmates with the Complaint. (Doc. 1, pp. 17-19). However, Plaintiff names no one else as a co-plaintiff, and he is the only individual who signed the Complaint. (Doc. 1, p. 20). Plaintiff also did not file a motion seeking class certification. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). Plaintiff is also proceeding *pro se* at this time, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Given the above, the only plaintiff involved in this action at this time is Jared M. Smith.

1

Plaintiff now brings a claim for unconstitutional conditions of confinement against Warden Matthew Swalls and the Illinois Department of Corrections ("IDOC"). *Id*. He seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, pp. 20-21). Plaintiff also requests "an immediate emergency preliminary and permanent injunction" ordering the defendants to shut down operations at Vienna, until these unconstitutional conditions of confinement are addressed and all inmates are tested for internal injuries. *Id*.

This matter is now before the Court for preliminary review. Before the Court can screen the Complaint pursuant to 28 U.S.C. § 1915A, however, it must first address Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") filed on January 26, 2018. (Doc. 2). For the reasons set forth herein, the IFP Motion is **DENIED**. In order to proceed any further with his claims, Plaintiff must first prepay the full $400.00 filing fee for this action by the deadline in the below disposition.

## IFP Motion

Plaintiff seeks leave to proceed as a poor person without prepayment of the Court's usual $350.00[2] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status is exempt from paying the additional $50.00 fee.

2

of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff's IFP Motion does not comply with these requirements. (Doc. 2). Plaintiff used this Court's standard form when preparing his IFP Motion. *Id.* However, he did not respond to *any* of the questions about his income, assets, debts, or liabilities. (Doc. 2, pp. 1-3). Plaintiff essentially filed a blank IFP Motion. *Id.* He also failed to sign the IFP Motion, in violation of Rule 11 of the Federal Rules of Civil Procedure which provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." (Doc. 2, p. 2). Although he submitted a copy of his Trust Fund Statement ("TFS") for the 6-month period preceding this action, the TFS is not certified. (Doc. 2, pp. 3-4). Given these many deficiencies, the IFP Motion must be denied.

Because he also cannot clear the statutory hurdle imposed under 28 U.S.C. § 1915(g), Plaintiff will not be granted an opportunity to cure these deficiencies by filing a new IFP Motion. Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 9), Plaintiff did not disclose any of his strikes.[3] (Doc. 1, pp. 4-5). However, court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions that were filed by Plaintiff and resulted in a strike: *Smith v. Roberson*, No. 17-cv-03092-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Walsh*, No. 17-cv-03105-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. City of Danville*, No. 17-cv-02323-CSB-EIL (C.D. Ill. dismissed Jan. 5, 2018).[4] Plaintiff

---

[3] Plaintiff disclosed two cases that were "dismissed." (Doc 1, pp. 4-5) (citing *Smith v. Roberson*, No. 17-cv-03092-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Walsh*, No. 17-cv-03105-JES (C.D. Ill. dismissed Sept. 21, 2017)). Both dismissals resulted in a "strike," which Plaintiff should have disclosed in his Complaint. He also failed to disclose his third "strike," which was assessed on January 5, 2018. *Smith v. City of Danville*, No. 17-cv-02323-CSB-EIL (C.D. Ill.). The Court assumes, without deciding, that Plaintiff either did not receive notice of his third "strike" or did not understand it to be a "strike" until after he filed this suit. For that reason, the Court does not fault him for failing to disclose this information *this time*. However, Plaintiff is **WARNED** that a prisoner who seeks to proceed IFP without disclosing his "strikes" is subject to sanctions. Going forward, he must disclose all of his "strikes" when bringing a civil rights action.

[4] Although Plaintiff has appealed the district court's decision to dismiss two of these cases, *i.e.*, No. 17-cv-03105-JES and 17-cv-03092-JES, the district court's dismissals still count as strikes for purposes of § 1915(g) review until such time as either or both strike are overturned. *See Coleman v. Tollefson,* 135 S.Ct. 1759, 1761 (2015). *See also Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (district court's issuance of a third strike counts even if the judgment is being challenged on appeal).

4

"struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because he has accumulated at least 3 strikes for purposes of § 1915(g), Plaintiff may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original Complaint when determining whether Plaintiff faces imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. In his Complaint, Plaintiff complains of poor water quality, mice, roaches, insects, and dirty showers at the prison. (Doc. 1, pp. 1-21). He includes the affidavits of several other prisoners, who complain of

this and more. (Doc. 1, pp. 17-19) When considering whether Plaintiff is in imminent danger of serious physical injury, the Court looks only at the allegations that pertain to Plaintiff.

Plaintiff maintains that Vienna's water is discolored and foul-smelling. (Doc. 1, pp. 14-16). He blames the water for rashes that have formed on his skin at various times during his 7 years of incarceration at the prison. (Doc. 1, pp. 8, 14-16). Plaintiff also suspects that he has sustained "internal injuries" from the water, although he identifies none other than burning urine and kidney pain he once experienced on an unspecified date. *Id.* He also points to discolored toilets, sinks, and showers as evidence of poor water quality. (Doc. 1, p. 14). These allegations do not suggest that he now faces imminent danger of serious physical injury. Plaintiff identifies no present threat to his health or safety, but rather speculative complaints about possible health problems that may have resulted from his long-term exposure to these conditions. The Court will not grant the IFP Motion based on speculation.

Plaintiff also complains of mice, roaches, and insects in the chow hall, kitchen, and general store. (Doc. 1, pp. 14-16). He describes the problem as "very bad." *Id.* However, Plaintiff's allegations do not specify whether the current problem is serious or explain how his exposure has impacted Plaintiff's present health or safety. *Id.* The Court also lacks information regarding his level of exposure to these conditions. *Id.* Other than two insects he observed in his food in early January 2018, Plaintiff's complaints appear to focus on past observations

of pests—particularly between March and May of 2017. (Doc. 1, p. 15). These allegations are too remote in time to support a finding that Plaintiff now faces imminent danger of serious physical harm. *Id.*

Plaintiff also describes dirty showers. (Doc. 1, pp. 15-16). By design, the water from four shower heads allegedly pools in the same area. (Doc. 1, p. 16). Plaintiff blames this design for the athlete's foot, rashes, and itching that he and "others" have suffered. *Id.* Plaintiff also mentions seeing black mold in the shower, but he does not indicate when, how much, or how often. *Id.* Plaintiff also complains of no present symptoms he suffers as a result of the shower's design. *Id.*

Finally, Plaintiff complains of the half mile that separates his housing unit from the prison's health care unit ("HCU"). (Doc. 1, p. 16). Plaintiff states that inmates who have chronic, special, and emergency medical needs cannot access the HCU quickly. *Id.* Plaintiff identifies no chronic, special, or emergency medical needs of his own, and he make not claim that his medical needs were not met. *Id.* The allegations in the Complaint fail to demonstrate that Plaintiff faces any imminent danger of serious physical injury at this time.

Plaintiff has failed to satisfy the formal requirements for requesting IFP status. In addition, he cannot overcome the 3-strikes bar set forth under § 1915(g). Under the circumstances, Plaintiff's IFP Motion shall be **DENIED**.

### Interim Relief

The Court does *not* construe Plaintiff's request in the Complaint for "an

7

immediate emergency preliminary and permanent injunction" as a motion for temporary restraining order ("TRO"). (Doc. 1, pp. 20-21). Plaintiff neither asks for a TRO, nor refers to Rule 65(b) of the Federal Rules of Civil Procedure. He did not file a separate motion pursuant to Rule 65(b). Moreover, the Court finds no grounds warranting this drastic form of relief. Plaintiff sets forth no allegations which demonstrate that he will suffer irreparable harm without this relief or that there is no adequate remedy at law. With that said, the Court takes Plaintiff's complaints about the prison conditions seriously. If Plaintiff deems it necessary to seek urgent relief, he may file a separate Motion for TRO Pursuant to Rule 65(b).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*see* Doc. 2) is **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-eight (28) days** of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS ALSO ORDERED** that the Court's **RULING** is **RESERVED** on Plaintiff's request in the Complaint for preliminary injunctive relief (Doc. 1, pp.

8

20-21) until after Plaintiff tenders payment of the $400.00 filing fee for this action and the Complaint is screened pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.29
15:43:26 -06'00'

United States District Judge