**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JARED M. SMITH,**
**#K58441,**

**Plaintiff,**

     **vs.**

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**and WARDEN MATTHEW SWALLS,**

**Defendants.**                        **Case No. 18-cv-00142-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On January 26, 2018, Plaintiff Jared M. Smith filed the instant civil rights action pursuant to 42 U.S.C. § 1983, in order to challenge the conditions of his confinement at Vienna Correctional Center. (Doc. 1). Along with the Complaint, he filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), in which he requested the Court's permission to proceed as a poor person without prepaying the full $400.00 filing fee for this action. (Doc. 2). At the time of filing his Complaint, Plaintiff was subject to the 3-strikes bar imposed under 28 U.S.C. § 1915(g). He previously "struck out" by filing 3 or more civil suits that were dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) thus barred him from proceeding IFP, unless the Court determined that he faced imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff did not satisfy this requirement. On January 29, 2018, the Court denied his IFP Motion. (Doc. 5). Plaintiff was ordered to prepay the full $400.00

1

filing fee for this action on or before February 26, 2018, if he intended to proceed with this matter. *Id.* In addition, the Court warned Plaintiff that failure to comply with the Order would result in dismissal of the action. (Doc. 5, p. 8) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994)).

On February 12, 2018, Plaintiff requested an extension of the deadline to pay his filing fee. (Doc. 6). The Court granted Plaintiff's motion as a one-time courtesy to Plaintiff. (Doc. 7) (citing *Azania v. McBride*, 157 F. App'x 906 (7th Cir. 2005)). Accordingly, the full $400.00 filing fee was due on March 28, 2018. (Doc. 7).

The original and extended deadlines have now passed. Plaintiff has not paid the filing fee for this action. He has not requested another extension of the deadline for doing so. Plaintiff is in violation of the Court's Orders to prepay the full $400.00 filing fee. (Docs. 5, 7). The Court will not allow this matter to linger indefinitely.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with two Orders of this Court requiring him to prepay the full filing fee for the action. (Docs. 5, 7) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed, so the fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full.

All pending motions (Docs. 3, 8) are **DENIED** as **MOOT**, given the disposition of this case. Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is also denied because of Plaintiff's insufficient explanation of his efforts to locate counsel before seeking the Court's assistance. Plaintiff provided the Court with a list of attorneys he contacted regarding this case, but he did not disclose the dates he contacted each attorney. He also failed to produce a copy of any written communications with them or describe any reason an attorney gave for denying his request. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*) (district court faced with a request for counsel must ask whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so).

The Clerk's Office is **DIRECTED** to close this case and enter a judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.04 09:35:17
-05'00'

**United States District Judge**